JOHN B. SIMONS AND DELLA D. SIMONS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Simons v. Commissioner
Docket No. 12098-82.
United States Tax Court
T.C. Memo 1987-270; 1987 Tax Ct. Memo LEXIS 270; 53 T.C.M. (CCH) 959; T.C.M. (RIA) 87270; June 2, 1987. George R. Kucera, for the petitioners. Alan S. Beinhorn, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a $79,425.00 deficiency in petitioners' 1978 Federal income tax. After concessions, the issue for decision is the amount of petitioners' distributive share of partnership income taxable to them. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. Rancho Los Charcos Development Company (Rancho), a limited partnership, was formed on June 28, 1974. It issued 360 investment units valued at $1,000 each *273 in exchange for property and services as follows: Number of
Partners'
Partner
Units Issued
Contribution
Lowell Simons &
200 $200,000
Simons Industries
Lowell & Marilyn Simons
60
services
Stonegate Company
53
land
Simons Industries
40
services
Lowell Simons
7
services
Thereafter to November 19, 1976, there were various sales of partnership units as fully set forth in the stipulation of facts. Rancho issued an additional 100 partnership units for $100,000 ($1,000 per unit) on November 20, 1976. It offered the units to its partners on a pro rata basis. Some partners did not acquire their pro rata additional units, which were then offered to and purchased by those partners who did acquire their additional pro rata shares. During the period November 20, 1976 to July 24, 1977, Lowell and Marilyn Simons sold 128 partnership units to petitioners. In 1978, Rancho had $815,170.00 of ordinary income. Petitioners' distributive share was $226,617.00. Petitioners did not include their distributive share in their taxable income on their 1978 Federal income tax return. Rancho filed partnership returns in each of the years 1974 through *274 1978. It did not elect on these returns to adjust the basis of partnership property pursuant to section 754. [1] On April 15, 1982, Rancho filed an amended 1978 partnership return on which it elected to adjust the basis of partnership property pursuant to section 754. Respondent determined a $79,425.00 deficiency in petitioners' 1978 Federal income tax because petitioners did not report their distributive share of partnership income from Rancho. Petitioners filed a petition which contested the deficiency, and a trial was held. At trial, the parties informed the Court that the issues for decision were: 1) whether 50 percent or more of the partnership capital and profits in Rancho was sold or exchanged within a 12-month period; and 2) whether Rancho's section 754 election was timely. The parties filed a stipulation of facts with exhibits attached thereto. Said exhibits reflect, inter alia, that Rancho had $815,170.00 of ordinary income in 1978 and that petitioners' distributive share was $226,617.00. After trial, each of the parties filed a brief and reply brief. *275 On November 21, 1986, we ordered petitioners to file a supplemental brief to explain fully how a section 708(b) termination or section 754 election affects petitioners' distributive share of Rancho's ordinary income. We further ordered that "all the facts necessary to said explanation should be accompanied by an affidavit, signed and sworn under the penalties of perjury by the affiant." Petitioners filed a supplemental brief on March 10, 1987 and respondent filed a supplemental brief on April 16, 1987. OPINION Petitioners contend that Rancho terminated pursuant to section 708(b)(1)(B). Petitioners also contend that Rancho timely elected to adjust the basis of partnership property pursuant to section 754. Respondent denies both contentions. Section 708 provides: (a) General Rule. -- For purposes of this subchapter, an existing partnership shall be considered as continuing if it is not terminated. (b) Termination. -- (1) General Rule. -- For purposes of subsection (a), a partnership shall be considered as terminated only if -- * * * (B) within a 12-month period there is a *276 sale or exchange of 50 percent or more of the total interest in partnership capital and profits. * * * When a partnership terminates by a sale or exchange of an interest, the partnership constructively distributes its property to the partners and the partners immediately thereafter contribute the property to a new partnership. Sec. 1.708-1(b)(1)(iv), Income Tax Regs. A partner's basis in the distributed property is his basis in his partnership interest reduced by any money distributed. Section 732(b). When the partner contributes the property to the new partnership, the partnership's basis in the property is the partner's adjusted basis in the property at the time of the contribution. Section 743(a) provides: (a) General Rule. -- The basis of partnership property shall not be adjusted as the result of a transfer of an interest in a partnership by sale or exchange or on the death of a partner unless the election provided by section 754 (relating to optional adjustment *277 to basis of partnership property) is in effect with respect to such partnership. Section 754 provides: If a partnership files an election, in accordance with regulations prescribed by the Secretary, the basis of partnership property shall be adjusted, in the case of a distribution of property, in the manner provided in section 734 and, in the case of a transfer of a partnership interest, in the manner provided in section 743. * * * Section 743(b) provides: (b) Adjustment to basis of partnership property. -- In the case of a transfer of an interest in a partnership by sale or exchange or upon the death of a partner, a partnership with respect to which the election provided in section 754 is in effect shall -- (1) increase the adjusted basis of the partnership property by the excess of the basis to the transferee partner of his interest in the partnership over his proportionate share of the adjusted basis of the partnership property, or (2) decrease the adjusted basis of the partnership property *278 by the excess of the transferee partner's proportionate share of the adjusted basis of the partnership property over the basis of his interest in the partnership. Under regulations prescribed by the Secretary, such increase or decrease shall constitute an adjustment to the basis of partnership property with respect to the transferee partner only. * * * The burden of proof with respect to both the section 708(b) termination and the section 754 election is on petitioners. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners contend that a section 708(b) termination or a section 754 election would increase the bases in various assets. Assuming arguendo that a section 708(b) termination was effected or a timely 754 election was filed, the record does not indicate which assets' bases would be adjusted, how much they would be adjusted, or how such an adjustment would affect the deficiency in question. Thus, regardless of whether Rancho terminated pursuant to section 708(b) or filed a timely 754 election, the record would not support a finding for petitioner. Our order dated *279 November 21, 1986, specifically requested petitioners to "explain fully how a section 708(b) termination or section 754 election affects petitioners' distributive share of Rancho's ordinary income and to submit all facts necessary to said explanation." Petitioners failed to submit any evidence which would establish the relevance of their arguments, at trial or pursuant to our order. Since there is no basis in the record to support the relevance of the section 708(b) and section 754 arguments, we decline to decide those "issues." The parties stipulated that in 1978 Rancho had $815,170.00 of ordinary income. They further stipulated that petitioners' distributive share of said income was $226,617.00. Said distributive share is includible in their taxable income. Section 702(a). [2]
*280 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. Section 702(a) provided: (a) General Rule. -- In determining his income tax, each partner shall take into account separately his distributive share of the partnership's -- (1) gains and losses from sales or exchanges of capital assets held for not more than 6 months, (2) gains and losses from sales or exchanges of capital assets held for more than 6 months, (3) gains and losses from sales or exchanges of property described in section 1231 (relating to certain property used in a trade or business and involuntary conversions), (4) charitable contributions (as defined in section 170(c)), (5) dividends or interest with respect to which there is an exclusion under section 116 or 128, or a deduction under part VIII of subchapter B, (6) taxes, described in section 901, paid or accrued to foreign countries and to possessions of the United States, (7) other items of income, gain, loss deduction, or credit, to the extent provided by regulations prescribed by the Secretary, and (8) taxable income or loss, exclusive of items requiring separate computation under other paragraphs of this subsection.↩